James **REGAN**, Jesse Faircloth, Michael Pack, Thomas Haffey, Jacob Stafford, and Kyle Watkins, Each on Behalf of Himself and all others similarly situated, Plaintiff,

v.

**CITY OF CHARLESTON, SOUTH CAROLINA**, Defendant.

**C.A. No. 2:13–cv–3046–PMD.**

United States District Court, D. South Carolina, Charleston Division.

Signed Aug. 18, 2014.

Ben Leclercq, William G. Deschamps, IV, Leclercq Law Firm, Mt. Pleasant, SC, Carlos V. Leach, Morgan and Morgan, Orlando, FL, for Plaintiff.

Caroline Wrenn Cleveland, Caroline Wrenn Cleveland Law Office, Charleston, SC, for Defendant.

### *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court on Plaintiffs James Regan, Jesse Faircloth, Michael Pack, Thomas Haffey, Jacob Stafford, and Kyle Watkins's ("Plaintiffs") Motion to Reconsider the Court's July 16, 2014 Order, ECF No. 76. In the July 16, 2014 Order ("Prior Order"), 2014 WL 3530135, the Court granted in part and denied in part Plaintiffs' Motion for Conditional Class Certification ("Motion for Conditional Certification") of a putative class pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs now move the Court to reconsider a single issue addressed in the Prior Order, namely, the denial of Plaintiffs' request that the

City be required to produce email addresses for potential plaintiffs. For the reasons set forth herein, the Court denies Plaintiffs' Motion to Reconsider.

### BACKGROUND

Plaintiffs, current or former firefighters with the City of Charleston's ("Defendant" or "the City") Fire Department, commenced this action on November 7, 2013, on behalf of themselves and others similarly situated, seeking unpaid overtime compensation pursuant to the FLSA. On February 7, 2014, Plaintiffs filed a Motion for Conditional Certification seeking to conditionally certify this matter as a collective action under the FLSA, as well as requesting permission to send notices to potential plaintiffs. In order to facilitate this notice, Plaintiffs requested that the City be ordered to produce "the names, addresses, telephone numbers, and *email addresses* of all members belonging to the putative Class and the subclasses." Pls.' Mot. for Conditional Certification 2, ECF No. 43 (emphasis added); *see also id.* at 21, 23 (repeating request for email addresses).

The City responded to the Motion for Conditional Certification on February 26, 2014, consenting in part to conditional certification, while also asserting specific objections to the proposed primary class and subclasses and to a number of the requested notice provisions and procedures. With regard to Plaintiffs' request for email addresses, the City initially stated that "Defendant represents that it does not have the requested email addresses." Def.'s Resp. to Pls.' Mot. for Conditional Certification 2, ECF No. 49. However, the City

subsequently issued a more specific denial, asserting that it "does not maintain a record of the *personal* email addresses for its employees, and [that] it cannot produce what it does not have." *Id.* at 29 (emphasis added); *see also id.* at 30 ("Defendant does not have the *personal* email addresses." (emphasis added)). Plaintiffs filed their Reply on March 10, 2014. Notwithstanding the City's apparent interpretation of Plaintiffs' request as pertaining solely to "personal," or "private," email addresses, Plaintiffs did not address this issue in their Reply, instead electing to limit their Reply to only two points raised by the City in its Response.

Following a status conference on June 30, 2014, the Court issued the Prior Order, granting in part and denying in part Plaintiffs' Motion for Conditional Certification. In doing so, the Court ordered the City to serve upon Plaintiffs' counsel within ten days of entry of the Prior Order the names and addresses for all potential opt-in plaintiffs. However, the Court denied Plaintiffs' request for email addresses and telephone numbers of potential plaintiffs, reasoning that Plaintiffs had "provided no basis for their need" for this additional contact information.[1] Prior Order 12.

Plaintiffs timely filed the instant Motion to Reconsider on July 25, 2014, asking the Court to reassess its denial of Plaintiffs' request for email addresses to account for what it asserts is new evidence. On August 11, 2014, the City filed its Response, opposing the present Motion on various grounds and asking the Court to impose sanctions pursuant to Local Civil Rule

---

**1.** Plaintiffs contend that in denying Plaintiffs' previous request for production of the email addresses for all potential plaintiffs, the Court relied upon a purported misrepresentation by the City that "it does not have the requested email addresses." Def.'s Resp. to Pls.' Mot. for Conditional Certification 2. Although the

Court did, indeed, note the City's *nemo dat quod non habet* response to Plaintiffs' request for email addresses, it did so in a footnote and solely for purposes of outlining what contact information Plaintiffs could potentially request from the City in the event that notices mailed were returned undeliverable.

7.09, DSC. Plaintiffs' Motion to Reconsider and the City's request for sanctions are ripe for consideration.

## STANDARD OF REVIEW

Plaintiffs filed the instant Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, because the Prior Order was an interlocutory order,[2] Plaintiffs' Motion to Reconsider is more appropriately considered in the context of "the [C]ourt's inherent power to reconsider and revise any interlocutory order, as recognized by Rule 54(b)." *Jensen v. Conrad,* 570 F.Supp. 91, 103 (D.S.C.1983); *see* Fed.R.Civ.P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims ... may be revised at any time before the entry of judgment adjudicating all the claims."). Accordingly, the Court construes the present Motion as brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

 "An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469 (4th Cir.1991);

*see* Fed.R.Civ.P. 54(b). While the precise standard governing motions to reconsider an interlocutory order is unclear, the Fourth Circuit has stated that Rule 54(b) motions are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir.2003); *see also R.E. Goodson Constr. Co. v. Int'l Paper Co.,* CIV.A. 4:02–4184 RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (noting that the Fourth Circuit has offered little guidance as to the appropriate standard for evaluating Rule 54(b) motions other than admonishing district courts not to apply the standard for Rule 60(b) motions). Nevertheless, district courts in the Fourth Circuit generally look to Rule 59(e)'s standards for guidance. *E.g., Joe Hand Promotions, Inc.,* 2012 WL 6210334, at *2; *Ruffin v. Entm't of E. Panhandle,* 3:11–CV–19, 2012 WL 1435674, at *3 (N.D.W.Va. Apr. 25, 2012). Therefore, a motion to reconsider an interlocutory order may be granted for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available ...; or (3) to correct a clear error of law

**2.** Although Plaintiffs have not directed the Court to, and the Court has not discovered, any authority expressly stating the standard applicable to a motion to reconsider an order granting or denying conditional certification of an FLSA collective action, the Court concludes that the Prior Order is interlocutory in nature such that reconsideration is instead governed by Rule 54(b). *See Evans v. Contract Callers, Inc.,* 4:10CV2358 FRB, 2012 WL 234653, at *1–2 (E.D.Mo. Jan. 25, 2012); *Young v. Beard,* 2:11–CV–02491–KJM–AC, 2014 WL 66706, at *2 (E.D.Cal. Jan. 8, 2014); *cf. McElmurry v. U.S. Bank Nat'l Ass'n,* 495 F.3d 1136, 1139 (9th Cir.2007) (noting that motion for notice to putative class members in an FLSA collective action "is not a final decision subject to appeal under 28 U.S.C. § 1291"). Rule 59(e) governs motions to alter or amend judgments. Fed.R.Civ.P. 59(e).

A "judgment," for purposes of the Federal Rules of Civil Procedure, is defined as "a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). Thus, this definition includes both final judgments and appealable interlocutory orders. *See id.* Here, final judgment has not been entered as to all claims or parties, and the Court has not directed the entry of final judgment as to fewer than all claims or parties pursuant to Rule 54(b). Additionally, the Court's Prior Order was not certified as an immediately appealable interlocutory order under 28 U.S.C. § 1292(b). *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC,* 0:11–CV–02438, 2012 WL 6210334, at *1 (D.S.C. Dec. 13, 2012). Therefore, the Court will construe Plaintiffs' Motion to Reconsider as brought pursuant to Rule 54(b).

or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). A motion for reconsideration is not, however, an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome. *Joe Hand Promotions,* 2012 WL 6210334, at *2 (citing *R.E. Goodson Constr. Co,* 2006 WL 1677136, at *1). Further, such a motion may not be used to raise arguments or introduce evidence that could have been addressed or presented previously. *See Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008); *City of Charleston, S.C. v. Hotels.com, LP,* 586 F.Supp.2d 538, 541 (D.S.C.2008) (citing *Pac. Ins. Co.,* 148 F.3d at 403).

## DISCUSSION

### I. Motion to Reconsider

Plaintiffs maintain that reconsideration of the Prior Order is warranted to account for new evidence previously unavailable and to prevent manifest injustice.[3] Specifically, Plaintiffs argue that because Plaintiffs' counsel's "recently discovered" that the City *"created and does in fact maintain* email accounts for the firefighters," Pls.' Mot. to Recons. 3, ECF No. 78, the Court should reconsider its Prior Order and require the City to produce the email addresses.[4] In support of their position, Plaintiffs principally rely on the affidavit of Plaintiff James Regan ("Regan Affidavit"), the veracity of which the City vehemently

disputes. For the reasons detailed below, the Court denies Plaintiffs' Motion to Reconsider.

As an initial matter, the Court notes that Plaintiffs' failure to address in their Reply the City's response to, and interpretation or characterization of, Plaintiffs' request as pertaining only to personal email addresses is a "strategic decision[ ] for which the Plaintiff[s] bear[ ] responsibility." *Ingle ex rel. Estate of Ingle v. Yelton,* 439 F.3d 191, 198 (4th Cir.2006) (quoting *Lostumbo v. Bethlehem Steel, Inc.,* 8 F.3d 569, 570 (7th Cir.1993) (internal quotation marks omitted)); *cf. City of Charleston, S.C.,* 586 F.Supp.2d at 541 (noting that a motion to reconsider "may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment." (citing *Pac. Ins. Co.,* 148 F.3d at 403)). Nevertheless, because Plaintiffs' primary contention is that reconsideration of the Prior Order is warranted to account for new evidence, the Court will entertain the present Motion to the extent such is the case. However, as detailed below, the Court finds that Plaintiffs have not carried their burden in this regard. Accordingly, the Court denies Plaintiffs' Motion to Reconsider.

■ Plaintiffs have failed to demonstrate that reconsideration of the Prior Order is warranted to account for new evidence. Although Plaintiffs contend that reconsideration is necessary in light of

---

3. Plaintiffs fail to explain why reconsideration of the Court's Prior Order is necessary to "prevent manifest injustice," *Pac. Ins. Co.,* 148 F.3d at 403, and the Court is not persuaded that failing to order production of contact information the Court previously found Plaintiffs had not demonstrated a need for could amount to manifest injustice.

4. The Court need not wade into the Parties' debate over the meaning of the word "personal." Additionally, the Court declines Plain-

tiffs' invitation to separately consider their request that the Court order the City to produce the "private," or individually maintained, email addresses for potential plaintiffs no longer employed by the City. Notably, Plaintiffs' arguments in this regard neither appear to be based on any new evidence previously unavailable nor negate the Court's previous finding that notice by email is unnecessary.

Plaintiffs' counsel's "recent[ ] discover[y]" that the City "*created and does in fact maintain* email accounts for the firefighters," Pls.' Mot. to Recons. 3, Plaintiffs have failed to establish that this evidence is in fact "new" or that it was previously unavailable. Indeed, the evidence before the Court supports the opposite conclusion.

While Plaintiffs offer the Regan Affidavit and other exhibits in support of their position that the City maintains employer-issued, or "work," email addresses for all current firefighters, this evidence is by no means new. In fact, the Regan Affidavit explicitly references and relies upon emails sent and received by Regan's work email address that predate even the filing of Plaintiffs' Complaint. As evidenced by the Fire Department's Code of Conduct, which Plaintiffs have appended to their Motion to Reconsider, Plaintiffs are required to check these work email accounts during each shift.[5] Therefore, to simultaneously acknowledge Plaintiffs' frequent and long-standing use of work email addresses while arguing that their existence amounts to new evidence strains credulity. Additionally, the City notes that at Regan's deposition, Plaintiffs' counsel produced at least twenty-eight pages of documents that contained work email addresses for firefighters employed by the City. Thus, it is clear that Plaintiffs and Plaintiffs' counsel were, or should have been, previously aware of the fact that the City maintained work email addresses for all firefighters. Therefore, because "[m]otions for recon-

sideration are inappropriate merely to introduce ... new evidence that could have been adduced during the pendency of the prior motion," *GTR Rental, LLC v. Dal-Canton,* 547 F.Supp.2d 510, 516 (D.S.C. 2008) (citing *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F.Supp. 656 (N.D.Ill.1982)), the Court denies Plaintiffs' Motion to Reconsider.

## II. Request for Sanctions

■ In its Response to Plaintiffs' Motion to Reconsider, the City asks the Court to exercise its authority under Local Civil Rule 7.09, DSC, to impose sanctions on Plaintiffs for filing what it asserts is a "frivolous motion." Def.'s Resp. to Pls.' Mot. to Recons. 14, ECF No. 84. Specifically, the City claims it is entitled to an award of attorney's fees and costs incurred in responding to Plaintiffs' Motion to Reconsider. The Local Civil Rules provide that "[w]here the Court finds that a motion is frivolous or filed for delay, sanctions may be imposed against the party or counsel filing such motion." Local Civil Rule 7.09, DSC. While the Court is vested with the "inherent power to control the judicial process and litigation, ... the power is limited to that necessary to redress conduct 'which abuses the judicial process.'" *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583, 590 (4th Cir.2001) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). With this limitation in mind, the Court concludes that sanctions against Plaintiffs are not warranted at this time. Thus, after care-

---

**5.** Furthermore, for the same reasons outlined in the Prior Order regarding Plaintiffs' request that the City be ordered to post the Authorized Notice in all fire stations, the Court declines to require production of current firefighters' work email addresses. Indeed, since the City requires firefighters to monitor their email accounts while on duty, distribution of the Authorized Notice via their work email addresses would be similarly disruptive and would "serve little purpose other than possibly increasing workplace tension, particularly when the potential plaintiffs who stand to [receive these emails]—current firefighters—are the very employees for whom the City is most likely to have up-to-date contact information." Prior Order 20.

ful review and consideration, the Court denies the City's request for sanctions.

### CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Reconsider is **DENIED.** It is **FURTHER ORDERED** that Plaintiffs' request for sanctions is **DENIED.**

**AND IT IS SO ORDERED.**